Filed 07/18/23  Patel v. Brahmbhatt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAMIR J. PATEL et al., | |
| Plaintiffs and Respondents, | G061401 |
| v. | (Super. Ct. No. 30-2021-01188360) |
| SUNIL A. BRAHMBHATT et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Brown Rudnick, Leo J. Presiado and Shoshana B. Kaiser for Defendants and Appellants.

Justin J. Shrenger for Plaintiffs and Respondents.

Attorney Sunil A. Brahmbhatt entered into an investment deal with a client, Samir J. Patel. Patel and other investors (the plaintiff-investors) eventually sued Brahmbhatt and other defendants; Brahmbhatt currently represents all defendants in the case. The plaintiff-investors, including Patel, filed a motion to disqualify Brahmbhatt as counsel for defendants. The trial court granted the motion, and Brahmbhatt appealed. We affirm.

Brahmbhatt does not dispute he cannot represent defendants at trial, during depositions, or in any pretrial evidentiary hearing, given his role as a key witness in the case. We need not decide whether it would be an abuse of the trial court's discretion to disqualify Brahmbhatt at this stage of the litigation, while demurrers to some causes of action are still pending. Brahmbhatt must be disqualified from representing defendants at this stage of the proceedings for an independent reason. The California Rules of Professional Conduct prohibit an attorney from revealing or using to his or her own advantage the confidences of a client, and require the attorney to maintain his or her duty of loyalty to the client. Brahmbhatt's representation of clients/codefendants directly adverse to his former client, Patel, in a case involving Brahmbhatt's solicitation of an investment by Patel in Brahmbhatt's business would violate those duties. The trial court did not err in disqualifying Brahmbhatt from this case.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2018, Brahmbhatt, an attorney, solicited investments from his client Patel in cannabis growing and testing businesses. Brahmbhatt represented to Patel the investments were completely safe and could guarantee more than 100 percent in returns in a short period of time. Based on these representations, Patel and the other plaintiff-investors invested money in the cannabis businesses E Street Funding Group, Inc. and EBL Funding Group, LLC. Brahmbhatt did not inform Patel of a potential conflict of

2

interest, make any written disclosures, or request or obtain a written waiver of the conflict.

In 2020, Patel, on behalf of himself and the other plaintiff-investors, demanded in writing an inspection of the corporate books and a return of the investment money. In response, Brahmbhatt threatened Patel with criminal action and threatened to use Patel's personal, confidential information obtained during his prior legal representation of Patel to harm Patel and Patel's businesses.

In March 2021, Patel and the other plaintiff-investors sued Brahmbhatt, his relatives, and the companies of which the individual defendants were alleged to be alter egos, for breach of contract, breach of fiduciary duty, negligence, fraud, fraudulent concealment, negligent interference with prospective economic advantage, and unfair competition, and sought a writ of mandamus compelling an inspection of books and records. Brahmbhatt filed a demurrer, which was sustained with leave to amend.

The plaintiff-investors then filed a first amended complaint and a motion to disqualify Brahmbhatt as counsel for defendants. After briefing, the trial court issued a tentative decision. After a hearing on the motion, the trial court issued a written order granting the motion to disqualify. This appeal followed.

DISCUSSION

We review the trial court's decision to disqualify Brahmbhatt for abuse of discretion. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 (*SpeeDee Oil*); *Jarvis v. Jarvis* (2019) 33 Cal.App.5th 113, 128 (*Jarvis*).) "'The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.]" (*Jarvis, supra*, at p. 128.) "If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial

3

evidence.  [Citations.]"  (*SpeeDee Oil, supra*, at p. 1143.)  "[A] disqualification motion involves concerns that justify careful review of the trial court's exercise of discretion.  [Citation.]"  (*Id.* at p. 1144.)  "The court's exercise of discretion must be affirmed on appeal if there is any fairly debatable justification for it under the law.  [Citation.]"  (*Doe v. Yim* (2020) 55 Cal.App.5th 573, 583–584.)

"The authority of a trial court 'to disqualify an attorney derives from the power inherent in every court "[t]o control in furtherance of justice, the conduct of its ministerial officers."'  [Citation.]"  (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846 (*Cobra Solutions*), quoting *SpeeDee Oil, supra*, 20 Cal.4th at p. 1145.)  "[A] disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion.  [Citations.]"  (*SpeeDee Oil, supra*, at p. 1145; accord, *Jarvis, supra*, 33 Cal.App.5th at p. 140.)  "'Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility.'  [Citation.]  As we have explained, however, '[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.'  [Citation.]"  (*Cobra Solutions, supra*, at p. 846, quoting *SpeeDee Oil, supra*, at p. 1145.)

Subject to exceptions not relevant here, an attorney may not be an advocate and a witness in the same case.  "A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:  [¶] (1) the lawyer's testimony relates to an uncontested issue or matter; [¶] (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or [¶] (3) the lawyer has obtained informed written consent from the client."  (Cal. Rules Prof. Conduct, rule 3.7(a).)  Brahmbhatt's testimony would not relate to an uncontested issue or to the nature or value of his legal

4

services, and there is no indication in the appellate record Brahmbhatt obtained informed written consent from his client. "[A] court retains discretion to disqualify a likely advocate-witness as counsel, notwithstanding client consent, where there is 'a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process.' [Citation.]" (*Doe v. Yim, supra*, 55 Cal.App.5th at p. 582.)

Although rule 3.7(a) of the California Rules of Professional Conduct refers to an attorney's participation at trial, the court in *Doe v. Yim* concluded it applied to any pretrial activity that might reveal the attorney's dual role to the jury, including taking and defending depositions and pretrial evidentiary hearings. (*Doe v. Yim, supra*, at pp. 584–585.)

Brahmbhatt will be a key, if not *the key* witness at trial. Brahmbhatt's potential dual role as attorney and witness poses a risk of confusing the jury and prejudicing the plaintiff-investors. Brahmbhatt himself concedes he "could not act as counsel at trial, in depositions, or in pretrial evidentiary matters that may confuse the jury in its role as factfinder." He argues, however, the trial court abused its discretion by disqualifying him from serving as counsel during the early stages of the litigation, including arguing the pending demurrer.

Brahmbhatt cites *Lopez v. Lopez* (2022) 81 Cal.App.5th 412, in which the appellate court reversed a trial court order disqualifying counsel from all aspects of the litigation. The appellate court concluded the trial court abused its discretion by failing to limit the disqualification to the trial, as provided by the words of California Rules of Professional Conduct, rule 3.7(a). (*Lopez v. Lopez, supra*, at p. 425.) The appellate court also concluded the trial court abused its discretion by basing its ruling on rule 3.7 of the American Bar Association Model Rules of Professional Conduct, rather than on the California Rules of Professional Conduct, by failing to address the appellant's informed written consent to the attorney's representation, and by failing to find disqualification was necessary to protect the jury from being misled or to prevent prejudice to the

5

respondent. (*Lopez v. Lopez, supra*, at pp. 424–425.) Thus, the appellate court's reversal of the trial court's disqualification order did not rest solely on the order's application to pretrial activities.

Even if the trial court erred by disqualifying Brahmbhatt from all pretrial activities, an independent ground supports the disqualification. As counsel formerly representing Patel, Brahmbhatt may be disqualified from any further representation to avoid the potential adverse use of confidential information. "Attorneys have a duty to maintain undivided loyalty to their clients to avoid undermining public confidence in the legal profession and the judicial process. [Citation.] The effective functioning of the fiduciary relationship between attorney and client depends on the client's trust and confidence in counsel. [Citation.] The courts will protect clients' legitimate expectations of loyalty to preserve this essential basis for trust and security in the attorney-client relationship. [Citation.] Therefore, if an attorney—or more likely a law firm— simultaneously represents clients who have conflicting interests, a more stringent per se rule of disqualification applies. With few exceptions, *disqualification follows automatically, regardless of whether the simultaneous representations have anything in common or present any risk that confidences obtained in one matter would be used in the other*. [Citation.]" (*SpeeDee Oil, supra*, 20 Cal.4th at pp. 1146–1147, italics added; see *Flatt v. Superior Court* (1994) 9 Cal.4th 275, 285; *Beachcomber Management Crystal Cove, LLC v. Superior Court* (2017) 13 Cal.App.5th 1105, 1117.)

Brahmbhatt's threat to use Patel's personal, confidential information to harm Patel and Patel's businesses is the type of breach of loyalty to the client that undermines public confidence in the legal system. As the trial court noted, "disqualifying Brahmbhatt in all phases of litigation as a prophylactic measure against prejudice to Plaintiffs and the integrity of the judicial process arising from Brahmbhatt's dual role as an advocate-witness and his potential misuse of confidential information appears

6

warranted."  (See Bus. & Prof. Code, § 6068; Cal. Rules Prof. Conduct, rules 1.6, 1.8.2, 1.9.)


## DISPOSITION

The order is affirmed.  Respondents to recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.